[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-10563
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 17, 2012
JOHN LEY
CLERK

D.C. Docket No. 5:10-cv-00116-RAL-AEP


CHRISTOPHER MICHAEL BROWN,

Plaintiff-Appellant,

versus

D. B. DREW, Warden,
DR. FNU NEGRON, Clinical Director,
FNU ACEBAL, Hospital Administrator,
FNU MONTALVO, Assistant Hospital Administrator,
DR. FNU LEE,
FNU FRANANDEZ, P.A.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 17, 2012)

Before TJOFLAT, EDMONDSON and BARKETT , Circuit Judges.

PER CURIAM:

Christopher Brown, a federal prisoner proceeding *pro se*, appeals the district court's dismissal of his 42 U.S.C. § 1983 action, for failure to exhaust his administrative remedies. On appeal, Brown argues that the district court erred in dismissing his complaint for failure to exhaust his administrative remedies because he only had to exhaust such administrative remedies that were available to him. The administrative process was made unavailable to him because he could not timely resubmit his appeal within the 10 days given since he did not receive the response within that time period.

"[We] review *de novo* a district court's interpretation and application of 42 U.S.C. § 1997e(a)'s exhaustion requirement." *Johnson v. Meadows*, 418 F.3d 1152, 1155 (11th Cir. 2005). The PLRA provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). To "properly exhaust" his administrative remedies, a prisoner must complete the administrative review process, as set forth in the applicable prison grievance process. *Jones v. Bock*, 549 U.S. 199, 218, 127 S.Ct.

910, 922-923, 166 L.Ed.2d 798 (2007).  A prisoner cannot satisfy the exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance or appeal.  *Woodford v. Ngo*, 548 U.S. 81, 92-103, 126 S.Ct. 2378, 2387-93, 165 L.Ed.2d 368 (2006).   However, an administrative remedy that was not discovered, and which could not have been discovered through reasonable effort, until it was too late for it to be used is not an "available" remedy.  *Goebert v. Lee Cnt'y*, 510 F.3d 1312, 1324 (11th Cir. 2007).  A remedy is not available if it is unknown or unknowable because such a remedy is not "capable for use for the accomplishment of a purpose."  *Id.* at 1323.  Although inmates must exhaust their available administrative remedies, they are not required to "craft new procedures when prison officials demonstrate . . . that they will refuse to abide by the established ones."  *Turner v. Burnside*, 541 F.3d 1077, 1083 (11th Cir. 2008) (internal citations omitted).

Title 28 C.F.R. § 542.10 *et seq.*, of the Code of Federal Regulations sets out the process by which a federal prisoner can "seek formal review of an issue relating to any aspect of his/her own confinement."  28 C.F.R. § 542.10(a).  Pursuant to the procedure, an inmate first must present an issue of concern informally to staff.  *Id.* at § 542.13(a).  If dissatisfied with the staff response, the inmate then may submit a formal written request to the warden (BP-9) within 20

3

calendar days of the date on which the basis for the request occurred. *Id.* at

§ 542.14(a). An inmate who is not satisfied with the warden's response may

submit an appeal on the appropriate form (BP-10) to the appropriate Regional

Office within 20 calendar days of the date the warden signed the response, and if

he is not satisfied with the Regional Office's response, may submit an appeal on

the appropriate form (BP-11) to the General Counsel within 30 calendar days of

the date the Regional Office signed the response. *Id.* at § 542.15(a). The

applicable time for filing a formal grievance or an appeal may be extended when

the inmate demonstrates a valid reason for the delay, which means "a situation

which prevented the inmate from submitting the request within the established

time frame." *Id.* at §§ 542.14(b); 542.15(a).

Even if an appeal is untimely because the prisoner counselor incorrectly

informed the prisoner of the date the appeal was due, the prisoner still fails to

exhaust his administrative remedies if he does not seek a waiver for good cause in

filing an untimely appeal. *Bryant v. Rich*, 530 F.3d 1368, 1378-1379 (11th Cir.

2008). In *Bryant*, a Georgia state prisoner argued that his appeal of the warden's

denial of his first grievance, despite being untimely, satisfied the exhaustion

requirements. *Id.* at 1378. Bryant argued that his untimely appeal exhausted the

administrative grievance process because he was merely following his counselor's

4

instructions to submit his appeal within five business days instead of four business days. *Id.* This Court concluded, however, that Bryant failed to exhaust his administrative remedies because the prison's administrative appeals process permitted the time limits to be waived for good cause, but at no time did Bryant pursue a good cause waiver after his appeal was dismissed as untimely. *Id.* at 1378-1379. The record reflected that despite the counselor advising Bryant of the deadline, the form on which Bryant submitted his appeal stated that the appeal was due within four business days and also indicated that an untimely appeal might be considered if the reason why it was untimely was clearly stated. *Id.* at 1372. Bryant's appeal was late and he gave no explanation for why it was late. *Id.*

Here, the record reflects that Brown's appeal to the Regional Office was rejected as being untimely filed and his appeal to the General Counsel was rejected due to his appeal to the Regional Office being untimely filed. As such, Brown did not complete the three-step administrative review process set forth by the FBOP. *See Woodford*, 548 U.S. at 92-103, 126 S.Ct. at 2387-2393 (providing that an untimely appeal does not satisfy the exhaustion requirements). However, the administrative process was rendered unavailable to Brown because the delay in delivering the response from the Regional Office to Brown prevented him from being able to timely resubmit his appeal to the Regional Office as required. The

administrative process does allow for a motion for extension of time to file an appeal; however, nothing in the record establishes that Brown was aware or could readily become aware of his right to request an extension of time to resubmit his appeal. As such, all administrative remedies were not available to Brown and he is excused from the exhaustion requirements. Because there is nothing in the record indicating that Brown was aware of the process for requesting an extension of time to resubmit his appeal, this case is distinguishable from our holding in *Bryant*. Accordingly, the district court erred in dismissing Brown's action for failure to exhaust his administrative remedies. For the reasons stated above, we vacate the judgment of the district court and remand the case for further proceedings not inconsistent with this opinion.

**VACATED AND REMANDED.**